JAMES M. PROCTOR, Plaintiff in Error, *vs.* WELLS BROTHERS
COMPANY OF NEW YORK, Defendant in Error.

*Opinion filed February 21, 1914.*

1. PARTIES—*rule where plaintiff sues right defendant under a
wrong name.* Where the real party in interest and the one in-
tended to be sued is actually served with process in the cause, even
though under a wrong name, he must take advantage of the mis-
nomer by plea in abatement in such suit, and if he does not he
will be concluded by the judgment or decree rendered, the same as
though he were described by his true name.

2. SAME—*rule where the plaintiff sues the wrong corporation—
limitations.* If the plaintiff begins a personal injury suit against a
corporation upon a cause of action against another distinct corpora-
tion which was not served with process, the beginning of such suit
does not arrest the running of the Statute of Limitations against
the cause of action, even though the plaintiff believed he was suing
the corporation he intended to sue.

CARTER, J., dissenting.

WRIT OF ERROR to the Branch "B" Appellate Court for
the First District;—heard in that court on appeal from the
Superior Court of Cook county; the Hon. CLARENCE N.
GOODWIN, Judge, presiding.

HARRISON MUSGRAVE, WILLIAM S. OPPENHEIM, and
JOHN H. S. LEE, (CHARLES COWLES TUCKER, of counsel,)
for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, (EDWARD W. RAWLINS,
of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the First District reversed a
judgment recovered by the plaintiff in error against Wells
Brothers Company of New York, and the record has been
brought here by a writ of *certiorari* for review.

On May 25, 1907, Wells Brothers Company of New
York, a corporation organized under the laws of New York,

was erecting a round-house for the Baltimore and Ohio Railroad Company at Ivy City, in the District of Columbia, and had the plaintiff in error in its employ as a carpenter. While so employed on that day the plaintiff in error was injured, as he alleged, through the negligence of his employer. On May 21, 1909, he began a suit in the superior court of Cook county by filing a *præcipe* for a summons against "Wells Brothers Company, a corporation." The summons was issued, and on May 24, 1909, was served on "Wells Brothers Company, a corporation, by delivering a copy to Harry L. Wells, secretary of said corporation." With the *præcipe* the plaintiff filed a declaration against "Wells Brothers Company, a corporation," and on June 8, 1909, the defendant, which was a corporation organized under the laws of Illinois, filed a plea of the general issue and another averring that it was not then and there in possession or control of the premises, property, machinery, appliances or persons, as alleged in the declaration. Additional counts, and pleas thereto, were filed later, which do not affect the case here. On February 6, 1911, a jury was empaneled to try the case, and the next day a juror was withdrawn and the case was continued. On February 11, 1911, an order was entered for the amendment of all papers and proceedings in the cause by "changing the title of the defendant to Wells Brothers Company of New York, a corporation," an amended *præcipe* was filed and an alias summons was issued against Wells Brothers Company of New York, the defendant in error. This summons was served on defendant in error, the declaration was amended to make the name of the defendant read "Wells Brothers Company of New York," and the suit was dismissed as to the original defendant. The defendant in error filed a plea of the general issue and several pleas setting up the statutes of limitations of the State of Illinois and of the District of Columbia. To these pleas the plaintiff in error replied that at the time he was employed to work on the

round-house the defendant in error caused a large sign to be placed near the round-house upon which were the words "Wells Brothers Company, Building Contractors;" that Wells Brothers Company was the reputed name of the defendant in error; that when the plaintiff in error started the suit he intended to sue the defendant in error and believed that Harry L. Wells was an agent and officer of said company; that the Illinois corporation did not disclose its identity and that he did not know of the existence of the two corporations; that upon discovering that summons had not been served upon the defendant in error he amended his *præcipe* and had an alias summons issued and served upon it, and that this suit is the same suit commenced against defendant in error in the name of Wells Brothers Company. The defendant in error rejoined denying the allegations of the replication, and alleging that the signs placed about the round-house contained the words "Wells Brothers Company of New York, Building Contractors;" that it is not known and reputed to be Wells Brothers Company, but that its corporate name is Wells Brothers Company of New York; that the plaintiff did not begin suit against it on May 21, 1909, but did begin suit against Wells Brothers Company. A trial was had, which resulted in a judgment for the plaintiff in error. The Appellate Court held that the trial court should have instructed the jury to find a verdict for the defendant because the action was barred by the Statute of Limitations, and reversed the judgment without remandment.

Harry L. Wells, upon whom, as secretary of Wells Brothers Company, the first summons was served, was secretary of that company but was not an officer or agent of Wells Brothers Company of New York. Persons who were stockholders of the Illinois corporation owned about sixty-five per cent of the stock of the New York corporation in 1909, and the remainder of that stock was held by men having no connection with the Illinois corporation. The

corporations operated and were conducted as distinct and separate companies. Addison E. Wells was president of Wells Brothers Company and the vice-president of Wells Brothers Company of New York. F. A. Wells was president of Wells Brothers Company of New York and vice-president of Wells Brothers Company. Addison E. Wells had an office in the Monadnock block, in Chicago, and Harry L. Wells had an office in the same suite.

There can be no doubt that the plaintiff in error intended to sue the company by which he had been employed or that his attorneys intended to sue that company, but they were mistaken as to what company it was and actually sued another corporation. Misled by the similarity of name and ignorant of the existence of the other corporation, they had a summons issued against the Illinois company by its corporate name and served upon its secretary. When the plea was filed denying that the defendant was in possession or control of the premises, machinery, appliances or persons alleged in the declaration, the plaintiff in error continued to insist that the defendant was in such possession and control and was the company by which he was employed, brought the case on for trial, and only after a jury had been empaneled did he retreat from that position. He was clearly mistaken as to the defendant's identity, but he was just as clearly insisting on the defendant's liability,— that the defendant which had been summoned into court and was then present defending had employed him and negligently caused his injury. There was no misnomer but a case of mistaken identity. The defendant could have filed no other plea than those it did file, denying its liability. The case is not different from that of an individual sued for another's debt through a mistake in his identity. His only course would be to defend the action, and if he were defeated he could not call on anyone else to pay the judgment. It is said the declaration shows that the company intended to be sued was the company which employed

the plaintiff; but this is a begging of the question, for in his declaration the plaintiff says that company is the defendant, Wells Brothers Company. If the question is to be decided on the face of the pleadings, it appears that suit was brought against Wells Brothers Company and was pending for eighteen months, when by amendment the suit was dismissed as to the sole defendant and a summons was issued against an entirely different corporation. The issuance of the summons was the commencement of the suit against the newly-named defendant. There is nothing in the pleadings to indicate that the plaintiff, at the time he originally instituted his suit, intended to sue any defendant other than Wells Brothers Company, the Illinois corporation. There are some circumstances mentioned in the replication which tend to explain the mistake in identity, to show why he may have thought the Illinois corporation was his employer, but they do not tend to show his intention to make another company defendant to his suit.

Had plaintiff in error actually begun his suit against defendant in error though by the name of Wells Brothers Company, only, instead of by its full corporate name, and had he caused the summons to be served on an officer or agent of the defendant in error, the amendment of the name would not have affected the plaintiff's right to proceed to judgment, or, if the cause had gone to judgment without amendment, the defendant in error would have been bound by the judgment. Where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit, and if he does not he will be concluded by the judgment or decree rendered, the same as if he were described by his true name. (*Pennsylvania Co. v. Sloan,* 125 Ill. 72.) The cases cited by plaintiff in error go no further than this. None of them hold that the commencement of an action against one person or corporation upon

262 — 6

a cause of action against another person or corporation will arrest the running of the Statute of Limitations against the latter, and the law is that it will not. (*Coyne* v. *Lakeside Electric Railway Co.* 227 Pa. 496; *Shaw* v. *Cock,* 78 N. Y. 194.) The commencement of the action against Wells Brothers Company was not the commencement of an action against Wells Brothers Company of New York, and the Appellate Court properly sustained the defense of the Statute of Limitations.

If the question of the Statute of Limitations is to be determined as a question of fact, then it has been settled adversely to the plaintiff in error by the finding of the Appellate Court, which was made a part of its judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER, dissenting.