George Cody, Plaintiff-Appellant, v. Ferdinando Ladurini, Nando's Sportsman's Lounge, Inc., an Illinois Corporation, and Rita De Bartola, Defendants-Appellees.

Gen. No. 68–175.

Second District.

May 22, 1969.

Joseph A. Rosin, of Chicago, for appellant.

Diver, Diver, Brydges and Bollman, of Waukegan, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

The issue in this case concerns the relation back of the second amended complaint to the date of filing of the

original complaint, and the question arises under section 46 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 46), and section 14 of Article VI of the Liquor Control Act ("Dram Shop Act"), (Ill Rev Stats 1965, c 43, par 135).

The order appealed from dismissed the plaintiff's action against the defendant, Nando's Lounge, Inc. The pleadings in the cause and their chronology are set forth in that they are pertinent to the issue presented for determination.

On April 6, 1967, the plaintiff filed his complaint under the Dram Shop Act against the defendants, Ferdinando Ladurini, individually and d/b/a Nando's Sportsman's Lounge, and Rita De Bartola. The complaint stated that on August 20, 1966, the defendant, Ladurini, individually and d/b/a Nando's Sportsman's Lounge, was keeper or proprietor of a tavern which gave intoxicants to himself; that he consumed such liquors on the Lounge premises which resulted in his intoxication; and that while intoxicated, he assaulted and injured the plaintiff, without provocation. Summons was issued against the defendants, and Rita De Bartola was promptly served. Ladurini was not served and the sheriff noted on the summons that he was in the Highland Park Hospital and not accessible for service.

On May 4, counsel filed a special and limited appearance on behalf of both defendants, and on June 1, counsel filed a motion to dismiss the complaint on behalf of Rita De Bartola, which asserted that the complaint failed to state a cause of action in that "no cause of action can arise from the wrongful conduct of the operator or owner of a tavern as a result of intoxication brought about by said owner's or operator's consumption of alcoholic beverages from said owner's or operator's establishment."

On June 19, the complaint was dismissed and the plaintiff was given leave to file an amended complaint which

was forthwith filed and summons issued thereon for service on Ladurini. On this date, the plaintiff served notice and moved to take Ladurini's evidence deposition. Ladurini filed a motion to quash the notice of taking his deposition in that he had not been served with summons. This motion was granted and Ladurini was subsequently served with summons on June 21.

On July 19, the defendants filed a motion to dismiss the amended complaint, and on August 16, the plaintiff again served notice and moved to take Ladurini's deposition on August 24. On August 21, Ladurini filed a motion to quash the taking of his deposition, and on September 1, the plaintiff filed his motion and verified petition for leave to file a second amended complaint, substituting in lieu of "Nando's Sportsman's Lounge, a proprietorship," "Nando's Lounge, Inc., a corporation."

The petition recited the difficulties which the plaintiff had encountered in obtaining service of process upon and in taking the deposition of Ladurini—which was ultimately taken August 31; it further asserted that shortly before taking this deposition, the plaintiff was advised that the Lounge was a corporation known as Nando's Lounge, Inc., and that it was not a proprietorship as he had been led to believe; that the certified list of corporations issued by the State in 1966 and published for use in 1967, failed to list Nando's Lounge, Inc., as either a domestic or foreign corporation; and that Ladurini deposed that he was president as well as registered agent of this corporation.

The petition further recited that the second amended complaint alleged that Ladurini was a patron of Nando's Lounge, Inc.; that he purchased, was served and consumed a quantity of alcoholic beverages on said premises and, as a result, became intoxicated; that upon leaving the premises, he assaulted the plaintiff; and that the substitution of Nando's Lounge, Inc., for Nando's Sportsman's Lounge, a proprietorship, rendered moot the issues

119

of law raised by the defendants as the basis for dismissing the amended complaint.

The petition further recited that the plaintiff had moved to file his second amended complaint with all due diligence and in full compliance with section 46 of the Civil Practice Act.

On September 1, the court granted the plaintiff leave "to file his second amended complaint substituting as a party defendant Nando's Lounge, Inc. in place and stead of Nando's Sportsman's Lounge, and for summons to issue." The second amended complaint was filed and summons issued, and was served on September 7.

On November 2, the defendant, Nando's Lounge, Inc., filed its motion to dismiss the second amended complaint on the ground that the action was not filed within the time prescribed by the Dram Shop Act. On November 24, the plaintiff filed an affidavit in opposition to the defendants' motion to strike, which contained allegations essentially similar to those found in the petition for leave to file.

The court heard the arguments of counsel in connection with the motion to strike, requested counsel for the plaintiff and the defendant to submit memoranda of law, and on August 26, 1968, entered an order dismissing Nando's Lounge, Inc. from the lawsuit; directing Rita De Bartola to file answer within 20 days; and finding that "there is no just reason for delaying the appeal of the order dismissing Nando's Lounge, Inc." The plaintiff filed notice of appeal from this order on September 16.

On July 26, 1968, the trial judge wrote a letter to the attorneys for the defendants and forwarded a copy thereof to counsel for the plaintiff, which stated that he dismissed the second amended complaint in that section 46 of the Civil Practice Act did not apply to extend the statute of limitations under the Dram Shop Act. He further asserted that his conclusion rendered it "unnec-

120

essary to decide whether or not section 46(4)(b) was complied with." However, he stated that it was "clear from the circumstances that failure to join Nando's Lounge, Inc. . . . was not inadvertent."

Upon appeal, the plaintiff urges that the trial court erred in dismissing Nando's Lounge, Inc. from the lawsuit and in refusing to apply section 46 of the Civil Practice Act and its doctrine of relation back to actions arising under the Dram Shop Act.

The defendant, Nando's Lounge, Inc., contends that section 46 of the Civil Practice Act does not apply to a "by" action under the Dram Shop Act, to permit the plaintiff to add an additional party defendant after the expiration of the one year period prescribed by the Dram Shop Act; and that the plaintiff, on appeal, has not met his burden to overcome the presumption of validity attaching to the order appealed from.

The question of whether a change may be made in the parties to an action after the statute of limitations has run, has been the subject of much controversy. Under the common-law practice, if a plaintiff made a mistake as to the parties who should have been named as defendants, by omitting to join a proper party, he could not, as a general rule, rectify his mistake or omission.

The strict common-law rule with reference to adding parties who were omitted in the first instance was ameliorated by rules of chancery practice and, subsequently, by statutes. However, such statutes were often nullified by court decisions on the theory that the time set by the particular act under consideration, was not a statute of limitations, but a condition of liability itself which required that the plaintiff must bring himself within the terms of the statute in order to recover. See: Fitzpatrick v. Pitcairn, 371 Ill 203, 210, 20 NE2d 280 (1939) ; and Annotations, 8 ALR2d 6.

The Joint Committee Comments on section 46(4) of the Civil Practice Act (SHA ch 110, par 46(4), pages

255 through 260), adequately outline the Illinois decisions and legislative enactments dealing with this subject. At page 257, the Comments state that section 46(4) "is the solution, which it is believed, deals adequately with the problem and at the same time contains safeguards against the undermining of the statute of limitations."

The action at bar is one against the defendants for injuries to the person of the plaintiff, inflicted or caused "by an intoxicated person." The Dram Shop Act also provides a cause of action to persons sustaining injuries to person or property, or means of support "in consequence of intoxication." Economy Auto Ins. Co. v. Brown, 334 Ill App 579, 583, 79 NE2d 854 (1948). While the defendant, Nando's Lounge, Inc., contends that section 46(4) does not apply to a "by" action under the Dram Shop Act, we find no logical reason to distinguish between the two types of Dram Shop actions with reference to the application of section 46(4) thereto.

Generally, section 46(1) deals with the joinder of parties and causes of action or defenses, and subsection (2) provides that amendments may be made if the matter introduced by the amended pleadings "grew out of the same transaction or occurrence set up in the original pleading." Subsection (4) applies to the situation in which the plaintiff sued the wrong defendant but served process upon the agent or officer of the right defendant, and the statute of limitations ran before the mistake was rectified. The decision in Fitzpatrick v. Pitcairn, supra, presented a problem for statutory solution. The legislature met this challenge by subsection (4) and therein provided safeguards against undermining the statute of limitations.

The pertinent provision of the Dram Shop Act states: "Every action hereunder shall be barred unless commenced within one year next after the cause of action accrued."

██ ██ We believe that the provisions of section 46 of the Civil Practice Act and section 14 of Article VI of the Liquor Control Act are in pari materia and that they must be construed together to determine the intent of the legislature. The primary object of statutory construction is to ascertain and give effect to such intent, and courts should consider the reason or necessity for the enactments, the contemporaneous conditions, existing circumstances, and the object sought to be obtained by the statutes. City of Highland Park v. Curtis, 83 Ill App2d 218, 227, 226 NE2d 870 (1967).

In Waller v. Cooper, 49 Ill App2d 482, 200 NE2d 105 (1964), the court held that an amendment to a timely filed complaint after the expiration of the statutory two-year period for the commencement of the action, for the purpose of identifying the decedent's next of kin and the pecuniary loss not set forth in the complaint, was permissible under section 46(2) of the Civil Practice Act. This decision fully reviewed and analyzed some of the then current decisions dealing with the question of whether an amendment under section 46 of the Civil Practice Act relates back to the original filing of the action.

In Metropolitan Trust Co. v. Bowman Dairy Co., 292 Ill App 492, 11 NE2d 847 (1937), affd 369 Ill 222, 15 NE2d 838 (1938), the court construed the limitation of the Injuries Act and section 46 of the Civil Practice Act, and its requirement that the cause of action set up in the amendment "grew out of the same transaction or occurrence set up in the original pleading." At page 228 the court stated:

> "Section 46 of the Civil Practice Act makes several noticeable changes in the prior statute. Presumably the legislature knew the import of our pronouncements under the former acts, and had in mind re-

medial legislation to overcome and correct such statutory faults. . . ."

And at page 230 the court stated:

". . . These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action."

In Simmons v. Hendricks, 32 Ill2d 489, 207 NE2d 440 (1965), the defendant moved to dismiss the plaintiff's Dram Shop action for loss of means of support occasioned "in consequence of" the intoxication of their husband and father. The ground for dismissal was that the action had not been instituted by proper parties plaintiff within one year after it accrued. The trial court dismissed the complaint; the appellate court reversed the trial court and the supreme court affirmed the appellate court. At pages 492 and 493, the court stated:

"The defendants do not suggest that they would in any way be prejudiced, or even inconvenienced, by the substitution of Leroy Simmons as nominal plaintiff in lieu of the parties beneficially interested. Rather it is their contention that because the Dram Shop Act, like section 2 of the Injuries Act which governs actions for wrongful death, gives a right of action unknown to the common law and requires that the action be commenced within one year, the original complaint must be totally disregarded because it failed to comply precisely with the requirements of the statute. They read the language of the time limitation in the Dram Shop Act as expressing a 'condition of liability' that relates to substantive rights

124

and to jurisdiction, rather than as expressing a procedural limitation. . . . But we need not pursue this matter, for we are of the opinion that under section 46 of the Civil Practice Act (Ill Rev Stats 1959, c 110, par 46) the result would be the same whether the time limitation is regarded as prescribing a condition of liability or as stating an ordinary period of limitations."

And, at page 494, further stated:

"By its express terms section 46 applies to 'any statute or contract prescribing or limiting the time within which an action may be brought or right asserted.' The section is thus applicable whether a particular time limitation is regarded as a prescription governing the right to sue or as a statute of limitations. The leading case upon the construction of section 46 is Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill 222, in which this court held squarely that the section is applicable to a wrongful death action."

We believe that the rationale of Simmons establishes beyond doubt that section 46 of the Civil Practice Act extends the statute of limitations in the Dram Shop action at bar.

The cited cases have not dealt with the question of whether an amendment whereby a corporate defendant was substituted for an individual defendant, will relate back to the original filing of the complaint and, thus, extend the statute of limitations.

However, in Lau v. West Towns Bus Co., 16 Ill2d 442, 158 NE2d 63 (1959), a personal injury action was brought against a reorganization trustee in bankruptcy of the bus line and, thereafter, the reorganized corporation, West Towns Bus Co., took over the operation of the bus line. The defendant there contended that any

cause of action against it was barred by the statute of limitations. At pages 448, 449 and 450, the court stated:

"We next consider the plea of the Statute of Limitations. Section 46 of the Civil Practice Act, (Ill Rev Stats 1957, c 110, par 46) liberally provides for amendments, at any time before judgment, introducing any party who ought to have been joined as plaintiff or defendant. . . .

"As we stated in Geneva Construction Co. v. Martin Transfer and Storage Co., 4 Ill2d 273, at pages 287, 289 and 290: 'The present section 46 is the culmination of continuing efforts on the part of the General Assembly to enact a provision under which the relation back of an amended pleading would be governed by considerations of fairness to the litigants, rather than by technical and formal considerations. . . . Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here.' "

In Cain v. New York Cent. R. Co., 35 Ill App2d 333, 182 NE2d 910 (1962), the philosophy underlying the rationale of section 46 was adequately expressed at page 338:

"This section is to be construed liberally to the end that the controversy may be decided upon its facts and its merits and in furtherance of justice. (Citations.) The basic policy concerning the Statute of Limitations in a case under Section 46 is contained in Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill2d 273, 122 NE2d 540, which points out that when the defendant has had notice from the

126

beginning that the plaintiff is trying to enforce a claim against him because of specific conduct, the reason for the Statute of Limitations does not exist and the liberal rule should be applied."

In Silver v. Lee Shell Equipment Corp., 31 Ill App2d 266, 175 NE2d 287 (1961), the complaint was dismissed against I. W. Shell and William Shell on the ground that they had not been made parties defendant within the period of limitations provided by law. The plaintiffs maintained that section 46(4) provided that an amendment may be filed which adds parties defendant and which relates back to the filing of the original action, even though the statute of limitations had expired, upon the following conditions, which are set forth at page 268:

"(a) the period of limitations had not expired when the original action was commenced;

"(b) failure to join the additional party was inadvertent;

"(c) service of summons was in fact had upon the person, his agent or partner, even though he was served in the wrong capacity or as agent of another;

"(d) the additional defendant, within the time that the action might have been brought or asserted against him, knew that the original action was pending and that it grew out of a transaction involving him;

"(e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleadings grew out of the same transaction or occurrence."

And, at page 270, the court stated:

"Statutory construction must always begin with a study of the language of the act itself. The history

127

of the legislation may be inquired into for the purpose of clarifying an ambiguity or a doubtful meaning. It cannot be used to impose a new condition or limitation on a right granted by the act which is not contained in or suggested by the language of the act itself. To us it appears that the legislature sought to provide a remedy for the inequities growing out of the confusion that may result from the changing entities under which contemporary business and industry is conducted. At the same time the legislature created conditions which would safeguard against the undermining of the statute of limitations. . . . In other words, it took account of the problem that lawyers in our time have of determining the right defendant. That is particularly true in a densely populated city where one may deal for years with a business and not know the character of its organization—whether corporate, partnership, individual, or a common law trust.

"The primary basis for allowing such an amendment is knowledge of the suit through actual service on the person sought to be added or substituted or his partner or agent within the period of the statute of limitations, albeit he was served in the wrong capacity."

In the case at bar, Ladurini knew that the complaint erroneously named him, individually and d/b/a Nando's Sportsman's Lounge, as defendant. The record indicates that he did business as Nando's Sportsman's Lounge, and so advertised by means of pad-matches. He avoided and postponed the taking of his depositions and thereby aided in secreting the correct name of the tavern. However, he knew, from the time of the filing of the original complaint, the nature of the claim sought to be enforced against Nando's Lounge, Inc., and the specific conduct which was the basis for it; that the time prescribed for commencing suit had not expired when the original action

128

was filed; and that the claim grew out of a transaction or occurrence which involved Nando's Lounge, Inc.

Service of summons was had upon Ladurini, individually and d/b/a Nando's Sportsman's Lounge, at a time when he was president and registered agent of Nando's Lounge, Inc. The allegations of the original and second amended complaints related to the same occurrence, and the specific conduct giving rise to the Dram Shop action asserted in said complaints, was identical.

While it appears that the trial court only considered the question of compliance with section 46(4) of the Civil Practice Act by way of dictum, both parties have treated it as one of the issues on appeal, and we will determine such issue.

The plaintiff filed an affidavit in support of his petition for leave to file a second amended complaint, and filed an affidavit in opposition to the defendant's motion to dismiss his second amended complaint. Each affidavit contained the allegations heretofore stated and the defendant, Nando's Lounge, Inc., filed no counteraffidavits or other responsive pleadings thereto.

The defendant's motion to dismiss was filed under section 48(1)(e) of the Civil Practice Act. Subsection (3) of section 48 provides:

"(3) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one at law and a jury demand has been filed by the opposite party in apt time."

129

The defendant's motion was not supported by affidavit and contained no verification other than that which referred to service of a copy thereof on the parties litigant. The motion was grounded on the plaintiff's failure to file the second amended complaint within one year from the date of the occurrence in question.

No evidence, other than the plaintiff's affidavit in opposition to the motion to dismiss, was offered. Consequently, the facts before the court were those set forth in the second amended complaint (which were admitted by the motion to strike), and in the affidavit in opposition to the motion to dismiss.

The record indicates that the motion to dismiss was granted on the basis that, as a matter of law, section 46 of the Civil Practice Act was not applicable to extend the statute of limitations in the action. We believe that the court erred in granting the motion to dismiss for the reasons heretofore stated.

█ We also find that the plaintiff has complied with all the conditions required by section 46(4), including the specification of (b) thereof that "failure to join the person as a defendant was inadvertent." The facts heretofore recited establish this required condition.

█ The term "inadvertent" has been defined and it has been held to be synonymous with excusable ignorance. Fields v. 6125 Indiana Ave. Apartments, Inc., 47 Ill App2d 55, 56–57 incl., 196 NE2d 485 (1964); Robinson v. Chicago Nat. Bank, 32 Ill App2d 55, 60, 61, 176 NE2d 659 (1961). In the case at bar, we believe that, under the facts heretofore related, the plaintiff acted with reasonable diligence—in fact, with dispatch—after the identity of the true defendant became known. Consequently, he met the test of inadvertency.

The defendant also urges that by the amendment to paragraph 135 of the Dram Shop Act in 1965, the legislature in effect overruled Simmons v. Hendricks, supra,

with respect to the joinder of parties plaintiff. The pertinent part of the amendment caused the section to read:

"Such action, if the person from whom support was furnished shall be living, shall be brought by any person injured in means of support in his or her name, or his or her benefit and the benefit of all other persons injured in means of support; however, any person claiming to be injured in means of support and not included in any suit brought hereunder may join by motion made within the time herein provided for bringing such action, . . . ."

██ . The defendant's contention can avail it nothing on this appeal, for two reasons: (1) the case at bar involves the question of the propriety of an amendment which substitutes a corporate defendant for an individual doing business under a proprietorship name; and (2) generally, a statute should not be construed to effect a change in the settled law of the state unless its terms clearly require such construction. People v. Bernette, 30 Ill2d 359, 374, 197 NE2d 436 (1964); Sternberg Dredging Co. v. Estate of Sternberg, 10 Ill2d 328, 333, 334, 140 NE2d 125 (1957). We do not believe that the above quoted amendment requires such construction.

Simmons, and the cited cases which held the provisions of section 46(4) applicable with reference to an amendment relating back to the filing of the original action, so held regardless of the express limitation of paragraph 135 of the Dram Shop Act, which stated: "provided that every action hereunder shall be barred unless commenced within one year . . . ." We do not find the language of the amendment which states that "any person claiming to be injured in means of support . . . may join by motion made within the time herein provided for bringing such action," any more compelling than that of the one-year provision of the statute.

We find the record on appeal sufficient to overcome the presumption that the order appealed from is valid. The record, which was certified to by the Clerk of the Court as complete, fails factually to sustain the presumption urged by the defendant in this respect. It further indicates that the dictum of the trial court—that the plaintiff's failure to join Nando's Lounge, Inc., as a defendant, was not inadvertent—was against the manifest weight of the evidence.

In Elgin Lumber & Supply Co., Inc. v. Malenius, 90 Ill App2d 90, 232 NE2d 319 (1967), at page 97, we stated:

> "Upon appeal, we are required to review cases not only as to law, but also as to the facts, (citations), and it is our duty to review the evidence and to reverse the . . . judgments of trial courts whenever we find such . . . judgments . . . clearly against the manifest weight of the evidence."

In the fulfillment of our duty, we find the trial court's dictum with reference to the plaintiff having failed to fulfill the test of inadvertency, to be against the manifest weight of the evidence, and we find the trial court's ruling with reference to the inapplicability of section 46 of the Civil Practice Act to extend the Statute of Limitations in the case at bar, contrary to existing law.

In view of our conclusions, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

MORAN, P. J. and ABRAHAMSON, J., concur.