ARDELL LOUGHRAN, Plaintiff-Appellant, *v.* A & M MOVING AND STORAGE COMPANY *et al.*, Defendants—(UNITED VAN LINES, Defendant-Appellee.)

(No. 58045;

First District (1st Division)—January 14, 1974.

Baskin, Server, Berke & Rosenbloom, of Chicago (Perry M. Berke, of counsel), for appellant.

Crooks & Gilligan, of Chicago (Kendall A. Crooks and John W. Gilligan, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

This record presents two questions for our determination:

1. In a suit for personal injuries and property damage, does passage of the limitation period bar the action as regards a newly impleaded defendant or may the cause proceed under section 46(4) of the Civil Practice Act? Ill. Rev. Stat. 1971, ch. 110, par. 46(4).

2. Is the impleaded defendant estopped from pleading the statute of limitations by the conduct of its insurer?

Ardell Loughran (plaintiff) appeals from an order granting the motion of the impleaded defendant, United Van Lines (United) to dismiss her amended complaint. The order includes proper certification under Supreme Court Rule 304(a). (Ill. Rev. Stat. 1971, ch. 110A, par. 304(a).) The trial court sustained a motion made by United to strike plaintiff's amended complaint on the ground of limitations. The trial court passed on this motion on the basis of the affidavits in support thereof, counter-affidavits and exhibits appended thereto. No request was made by either party for the presentation of testimony.

The factual background of the above inquiries is best presented in chronological fashion:

July 30, 1967: Plaintiff was driving her automobile in Chicago. There was a collision with a motor truck as a result of which she made a claim for personal injuries and for damage to the automobile.

April 1, 1968: Plaintiff's attorney wrote to Crawford & Co., apparently a firm of adjusters, enclosing medical information and items of special damages. The letter had reference to plaintiff's claim "vs. A & M Moving & Storage and United Van Lines."

June 7, 1968: Thomas J. McCoy, acting for the St. Paul Insurance Companies, wrote a letter to plaintiff's counsel referring to a conversation between the writer and one of plaintiff's attorneys in which the insurance company had made an offer of settlement of $1750. Releases were enclosed for signature of plaintiff as to her claim against A & M. The releasee was described as "A & M Moving & Storage Co., Inc. (Driver—Arnold Vick, Sr.)." Also, A & M was referred to in the letter as the insured. This letter also stated that if plaintiff's attorneys preferred to litigate the matter the releases could be disregarded and the file would be sent to defense counsel.

Some time after the occurrence, one of plaintiff's counsel was contacted by a person only identified as "Mr. Grady." Grady advised him orally that St. Paul Fire and Marine Insurance Company insured A & M and United as well. Grady also told the attorney that the van involved in the collision with plaintiff's automobile was "operated" by United but "control and ownership" was through A & M. The affidavit of plaintiff's counsel stating these facts had appended thereto a copy of counsel's file jacket summarizing the gist of this conversation. It should also be noted that a counter-affidavit was filed by defendant which stated that there was no person named Grady affiliated with the St. Paul Fire and Marine Insurance Company but that Mr. Grady "is related to Continental National American Group" which in turn was not related to St. Paul.

August 2, 1968: Plaintiff filed suit against A & M in Circuit Court. Count I of the complaint alleged various acts of negligence and claimed damages for personal injuries. Count II alleged damage to the plaintiff's automobile.

From this point on, there was additional correspondence between the parties. Thomas J. McCoy wrote letters to plaintiff's attorney on August 27, 1968, October 16, 1968 and October 24, 1968. H. F. Wilke, claim-loss supervisor of the St. Paul Fire and Marine Insurance Company, wrote letters to plaintiff's counsel on January 17, 1969 and on March 5, 1969. Another letter from the company was written to the attorneys on October 2, 1969. H. F. Wilke wrote another letter to the attorneys on December 12, 1969.

Replies to this correspondence were sent to the insurance company by plaintiff's attorneys on October 18, 1968, January 14, 1969, April 3, 1969 and October 3, 1969. This entire series of letters need not be detailed. They may be summarized by stating that the insurance carrier was offered an examination of plaintiff by their own physician and agreements were constantly made to extend the time for the filing of pleadings in the pending case by the insurance carrier in behalf of A & M. Supplemental medical information was to be sent to the insurance carrier and the carrier was also advised that plaintiff's injuries were more serious than first considered.

March 5, 1970: H. F. Wilke wrote to plaintiff's attorneys advising that the insurer was unable to accept further extension of time to answer and stated that, because an impasse toward possible negotiation had been reached, the matter was being referred to attorneys for the insurer to handle to a conclusion.

March 18, 1970: A & M filed its answer to plaintiff's complaint. This answer admits that on July 30, 1967, A & M "owned a certain motor truck" but denied the remaining allegations of paragraph 1 of the com-

plaint. The complaint did not allege that A & M owned a motor truck but stated that it, "acting as agent, servant and/or employee, operated and controlled a certain motor truck * * *."

August 17, 1970: With leave of court, plaintiff filed an amended complaint adding as new defendants Arnold Vick, described as the driver of the van (not involved in this appeal) and United. The amended complaint was in two counts and sought the same relief as the original complaint but with an increased ad damnum.

October 30, 1970: Personal service of summons on United was made upon its agent, Victor Storage and Moving Inc., at a Chicago address furnished by plaintiff's attorney. Service of summons upon A & M was previously made on August 5, 1968, by means of personal service of summons and a copy of the complaint in St. Paul, Ramsey County, Minnesota.

Our answer to the first question involves a consideration of section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46(4).) The statute provides that a cause of action against a person not originally named as defendant is not barred by lapse of time under any statute or contract if all of five specified conditions are met. We need neither state nor discuss four of these statutory requirements because we are convinced that in the case at bar plaintiff's attempted amendment, made after passage of the statutory time limiting the bringing of actions for personal injuries, fails to comply with the third requirement of the statute which reads as follows:

"* * * (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; * * *."

This requirement is actually the most crucial portion of the statute. The joint committee comments regarding sub-section (4) of the statute state, "It is designed to change, with proper safeguards, the rule announced in *Fitzpatrick v. Pitcairn*, 371 Ill. 203, 20 N.E.2d 280 * * *." In *Fitzpatrick*, in a wrongful death case, plaintiff sued a railroad company. The actual party defendant should have been the receivers of the road. The court pointed out that the fact that the person upon whom summons was actually served was an agent of the receivers at the time, did not constitute service upon them. (See 371 Ill. at 208.) The committee comments proceed to state that sub-section (4) "does not change the rule of *Procter v. Wells Bros. Co.*, 262 Ill. 77, 104 N.E. 186." Procter brought suit against Wells Bros. Co., a corporation of New York, and

served summons upon the secretary of that company in Chicago. After expiration of the limitation period, he sought to amend and implead Wells Bros. Co. of New York. Summons was served upon this new party in New York but the cause was dismissed because of expiration of the limitation period. The Supreme Court pointed out that the case was not one of misnomer with service upon the real party in interest. See 262 Ill. at 81.

This basic differentiation is also shown in *Morse v. Michaelson, Rabig & Ramp,* 101 Ill.App.2d 366, 243 N.E.2d 271. Plaintiffs there sued a partnership under the firm name. After the limitation period had expired, they sought to implead the individual partners by amendment. This court approved denial of such relief. The court quoted from the Historical and Practice Notes to the statute. (S.H.A. ch. 110, par. 46 at page 256.) The notes describe sub-paragraph (4) as being added to the statute "* * * to cover the situation in which the plaintiff sues the wrong defendant but serves process upon the agent of the right defendant, and the Statute of Limitations runs on the claim before rectification of the mistake." In addition, this court has recently held that, "The primary purpose for allowing a late amendment is knowledge of the suit through actual service on the person sought to be added or substituted or his agent within the period of the statute of limitations, albeit he was served in the wrong capacity." *Latshaw v. Humphreys Leather Goods Co.,* 5 Ill.App.3d 98, 101, 283 N.E.2d 71.

Applying this reasoning to the case before us, summons was served upon the original defendant A & M in Minnesota. Summons was served upon the impleaded defendant, United, in the city of Chicago upon its own corporate agent. There is no showing of actual notice of the pendency of the case ever having previously reached United and no showing that the person served with process in Minnesota was ever agent for or had any legal relationship to United. The result is manifest that plaintiff here has failed to comply with the above quoted requirement (c) of subsection (4) of section 46 of the Civil Practice Act.

Perhaps the closest case to the one before us is *Solone v. Reck,* 55 Ill.App.2d 282, 204 N.E.2d 614. Plaintiff there sought to amend after the limitation period for adding an impleaded defendant, Robert Reck. Plaintiff had previously brought suit against Reck's mother who was acting as administrator of the estate of his deceased father. This court held that service of summons "on the mother as administrator could not be construed to be service on her as agent or partner of her son since she was neither his agent nor partner." (See 55 Ill.App.2d at 285.) The court therefore held that requirement (c) of subsection (4) had not been met.

Another decision which throws additional light upon this situation is

*Bates v. Wagon Wheel Country Club, Inc.,* 132 Ill.App.2d 161, 266 N.E.2d 343. There plaintiff mistakenly made Wagon Wheel Lodge Hotel, a nonexistent corporate entity, party defendant. The appellate court held that, after the statute had run, plaintiff could amend and add Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., as additional parties. The court pointed out that these additional defendants had knowledge of the pendency of the case before the statute of limitations had run; and, in addition, that service of summons was actually had upon their agent even though he had been mistakenly served as agent of the original nonexistent defendant. See 132 Ill.App.2d at 164.

The authorities cited by plaintiff in this connection do not assist her. They are either directed to the general and uncontroverted proposition that this section of the Civil Practice Act must be liberally construed (*Shockley v. Good,* 13 Ill.2d 298, 305, 148 N.E.2d 763); or they are primarily concerned with the requirement of inadvertence required by clause (b) of section 46(4) of the Civil Practice Act. (*Cody v. Ladurini,* 109 Ill.App.2d 116, 249 N.E.2d 315.) As above stated, we have found it unnecessary to consider this portion of the statute in stating the answer to the first inquiry presented by this record.

■■ We conclude that the operation of the statute of limitations cannot be prevented in this case by application of section 46 of the Civil Practice Act. However, plaintiff carries the matter further and urges that the statute of limitations should not be applied because the conduct of defendant's insurer lulled plaintiff into believing that the case would be settled without amendment of pleadings. This leads us to the second inquiry.

■■ In this regard, the applicable legal principle is abundantly established. In *Chapman v. Huttenlocher,* 125 Ill.App.2d 39, 45, 259 N.E.2d 836, the appellate court held:

> "It is the law of this State that the mere pendency of negotiations during a part of a period involved in the statute of limitations, conducted in good faith, with a view to a compromise, is not a waiver of the statute of limitations and would not estop a defendant from setting up such defenses. Only conduct of an insurance company which induces a plaintiff to a reasonable belief that his claim will be settled without suit, constitutes a waiver by estoppel to the raising of the defense of the statute of limitations. Kinsey v. Thompson, 44 Ill.App.2d 304, 307, 194 NE2d 565 (1963)."

■■ The problem then is a classification of the dealings between the parties in the case before us. Were they merely negotiating in good faith or was the conduct by the insurance carrier such as to induce plaintiff to

a reasonable belief that the claim would be settled without suit? We must conclude that the relationship between the parties never passed beyond the stage of mutual negotiations. Upon examination of each and all of the letters sent to plaintiff's attorneys by the insurance carrier, we find repeated allusions to litigation of the matter if plaintiff so preferred. There are offers of settlement and requests for an extension of time for the filing of pleadings in behalf of the original defendant, A & M, but we cannot find any affirmative action by the insurance carrier which could be considered as sufficient to induce or lull plaintiff's able and experienced lawyers into a reasonable belief that the claim was to be settled without litigation. For example, in the letter written to the attorneys on October 16, 1968, the insurance carrier requested advice as to whether the file should be sent to their attorneys for handling.

This record also shows that plaintiff's counsel were informed regarding the possible relationship of United to the occurrence. In fact, they captioned their first letter, dated April 1, 1968 and sent to Crawford & Company, in re: "Ardell Loughran vs. A & M Moving and Storage and United Van Lines." Even after the answer of A & M had been filed on March 18, 1970, no steps were taken to join United as a defendant until the filing of the amended complaint five months later, on August 17, 1970.

In oral argument, able counsel for plaintiff urged the point that the submission of the proposed release by the insurance company to plaintiff's counsel should be construed as a representation that the person described as the releasee was actually the only necessary party defendant. After careful consideration, this argument fails to convince us. We find no intimation from the record that this was the intention of the person who prepared and sent out the releases. Nor do we find it reasonable to assume that receipt of these releases would create the described effect in the mind of plaintiff's counsel. Finally, the letter from the insurance company told plaintiff's attorney that if he preferred litigation, the releases were to be disregarded.

In the proceedings in the trial court, neither party requested introduction of oral testimony. The matter was presented to the court upon the motion to dismiss the affidavits and counter-affidavits including exhibits appended thereto. On oral argument before this court, discussion developed as to the need of submission of the issue of estoppel to a jury. We note that in *Flagler v. Wessman*, 130 Ill.App.2d 491, 263 N.E.2d 630, the appellate court remanded the cause to the circuit court with directions to submit the issue of estoppel to a jury "* * * in accordance with the procedures set forth in *Kinsey v. Thompson*, 44 Ill.App.2d 304, 194 N.E.2d 565 * * *." See 130 Ill.App.2d at 495.

■■ In *Chapman v. Huttenlocher*, 125 Ill.App.2d 39, 259 N.E.2d 836,

the court pointed out that in a motion of this type, where material factual issues are disputed, the trial court should take testimony offered by the parties. Where "a jury demand has been made, the issues should be tried and determined by a jury prior to and separate from the trial of the issues in the cause  *  *  *." (125 Ill.App.2d at 46, 47.) We do not believe that such procedure would be necessary or proper in the present case. It does not appear that plaintiff demanded a jury trial. The record before us does not show if United, the impleaded defendant, filed a demand for jury trial. Without demand for trial by jury, that right would be waived. (See *Odom v. Odom,* 133 Ill.App.2d 869, 272 N.E.2d 272.) Even if jury demands had previously been filed, there would be an effective waiver of jury trial by virtue of the fact that both parties elected to and did submit the matter to the court upon the record without requesting a jury trial. (See *Andeen v. Country Mutual Insurance Co.,* 70 Ill.App.2d 357, 365, 217 N.E.2d 814.) In addition, the point, if this word may be used, is waived because not raised or argued in plaintiff's briefs. Ill. Rev. Stat. 1971, ch. 110A, par. 341(e)(7).

The authorities cited by plaintiff do not further her claim. *Flagler v. Wessman,* 130 Ill.App.2d 491, 263 N.E.2d 630, sets forth the general principle and is cited by both sides. The case actually holds that, under the particular circumstances there disclosed, a question of fact existed as to whether the conduct of the insurer exceeded investigation and negotiation and amounted to a waiver by estoppel.

Neither of the two additional authorities cited and relied upon by plaintiff is applicable. In *O'Brien v. Country Mutual Insurance Co.,* 105 Ill.App.2d 21, 245 N.E.2d 30, the court dealt with a contractual limitation period in a casualty policy. In this particular situation, the insurer in effect was attempting to work a forfeiture so that the proof required could be less than the degree of proof ordinarily required for estoppel. (See 105 Ill.App.2d at 24.) *Reat v. Illinois Central R.R. Co.,* 47 Ill.App.2d 267, 197 N.E.2d 860, is also cited by both parties. The appellate court there affirmed dismissal of the suit as barred by the statute of limitations. The court stated that to invoke the doctrine of estoppel, the conduct of the defendant, "*  *  *  must be of such a character as to prevent inquiry or to elude investigation, or to mislead the party who has the cause of action  *  *  *." (See 47 Ill.App.2d at 273.) In *O'Brien* and *Reat* the insurance companies dealt directly with the plaintiff and not with attorneys. In *Flagler,* plaintiff was initially represented by a lawyer who withdrew and she and her father dealt directly with the company. We cannot conclude that the doctrine of estoppel is operative in the case before us.

■■ However, we cannot affirm this judgment completely. In our opin-

ion, Count I of the amended complaint pertaining to the action for damages for an injury to the person is barred as above determined. (Ill. Rev. Stat. 1971, ch. 83, par. 15.) Count II of the amended complaint, which sought to recover damages for an injury done to personal property, is not barred by the applicable statute of limitations which provides for commencement of such cause of action within five years after accrual thereof. (Ill. Rev. Stat. 1971, ch. 83, par. 16.) Insofar as the order appealed from dismisses Count I of the amended complaint as to the impleaded defendant, United Van Lines, it is affirmed. Insofar as the order dismisses Count II of the amended complaint as to said impleaded defendant, it is reversed and the cause remanded for further proceedings not inconsistent with the above opinion.

Order dismissing Count I of amended complaint is affirmed; order dismissing Count II of amended complaint is reversed and cause remanded.

BURKE and HALLETT, JJ., concur.