1999 OK 60

**John D. BISHOP, Petitioner,**

v.

**WILSON QUALITY HOMES and the Workers' Compensation Court, Respondents.**

No. 89,458.

Supreme Court of Oklahoma.

June 22, 1999.

Joey Chiaf, Chiaf Law Offices, P.C., Oklahoma City, Oklahoma, For Petitioner.

W. Jeffrey Dasovich, Oklahoma City, Oklahoma For Respondent.

ALMA WILSON, Justice:

¶ 1 On November 19, 1993, the petitioner, John Bishop, filed a Form 3, "Employee's First Notice of Accidental Injury and Claim for Compensation," with the Workers' Compensation Court seeking compensation for a work-related injury to his back on September 28, 1993, naming as his employer, "Wilson Quality Homes and/or Gross Construction." The order of June 10, 1994, awarding temporary total disability benefits found that Bishop was an employee of Gross Construction, which had no Workers' Compensation coverage, and that Gross Construction was a subcontractor of Wilson Quality Homes, which had secondary liability. Wilson Quality Homes appealed. A three-judge panel affirmed the award. The Court of Civil Appeals sustained the award by the three-judge panel and mandate subsequently issued.

¶ 2 When neither Gross Construction nor Wilson Quality Homes paid the award, Bishop obtained a Judgment and Certification of Unpaid Award on April 3, 1996. On May 8, 1996, Bishop filed another Form 3, this time naming "William 'Bill' Wilson" for the same injury in an attempt to obtain an order with Wilson's name on it as the respondent. The attempt was unsuccessful because the Form 3 was given the same court number as Bishop's original claim and placed in the original file. Bishop then attempted to have the final orders awarding compensation[1] corrected nunc pro tunc to reflect the respondent's name as " William 'Bill' Wilson d/b/a Wilson Quality Homes." The Workers' Compensation Court denied the request, and Bishop appealed. The Court of Civil Appeals vacated and remanded with instructions to conduct a hearing to determine whether Bishop's contention that William "Bill" Wilson was simply doing business as Wilson Quality Homes is true, and to afford the respondent an opportunity to answer. This Court has previously granted certiorari.

¶ 3 The issue is whether under these facts, an order nunc pro tunc can properly issue. In a Memo Brief to the Workers' Compensation Court Bishop stated that it had been brought to the attention of counsel that any efforts to collect and satisfy the judgment through the district court process would be unsuccessful as the full name of the respondent was not included within the order. Bishop characterized the proposed order as a correction or substitution of the name of the respondent. Wilson Quality Homes characterized this as adding another party retroactively to the present lawsuit. The respondent argued that common law post-judgment nunc pro tunc proceedings do not apply to the Workers' Compensation Court because it is a creature of statute, and is bound by specific guidelines for adjudicating cases. The respondent continued that an order of the Workers' Compensation Court is final on all questions between the parties after twenty days unless it is properly appealed, citing 85 O.S. § 3.6.[2] Besides the jurisdiction prob-

---

1. The order rendered February 2, 1996, was filed on February 5, 1996. That order was corrected nunc pro tunc on February 6, 1996, and was filed February 7, 1996.

2. 85 O.S.1991, § 3.6(B) provided: "The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdic-

lem, the respondent also argues that the statute of limitations has expired so that a party cannot now be added.

¶ 4 In the answer brief on appeal of Wilson Quality Homes, the respondent asserts that William "Bill" Wilson is not one and the same as Wilson Quality Homes, and although the respondent asserts that this Court "will receive this party's argument clearly defining the difference between the two" the respondent does not address this subject as promised. The respondent never denies that Wilson Quality Homes is a sole proprietorship owned by William "Bill" Wilson, nor does the respondent claim Wilson Quality Homes is a partnership or corporation.

## I. CERTIFICATION OF AWARD

¶ 5 The record reveals that neither Gross Construction nor Wilson Quality Homes had secured compensation to employees pursuant to § 61[3] of the Workers' Compensation Act at the time of Bishop's injury. Neither entity paid the award to Bishop by the Workers' Compensation Court, so Bishop sought and received on April 3, 1996, a Judgment and Certification of Unpaid Award pursuant to § 42[4] of the Workers' Compensation Act.

■■■ ¶ 6 Title 85 O.S.1991, § 42, and its subsequent amendments in 1994 and 1998[5] all provide that the certified copy of the Workers' Compensation award shall have the same force and be subject to the same law as judgments of the district court. Accordingly, whatever law that applies to the district courts for collection of judgments against sole proprietorships applies to collection of awards originating from the Workers' Compensation courts as well. When a copy

of the certification order is filed in the offices of any county clerk and court clerk and entered on the judgment docket, the certified unpaid award acquires by force of statute the efficacy of a district court judgment, "transforming an unpaid award in default into an enforceable district court adjudication by clothing the obligor's compensation liability with the attributes of a district court judgment." *Lee Way Motor Freight, Inc. v. Welch,* 1988 OK 121 ¶ 9, 764 P.2d 191, 195. "When filed in the district court, the certification affords a legal vehicle for enforcement proceedings to be conducted in that forum." *Lee Way Motor Freight,* 1988 OK 121 ¶ 10, 764 P.2d at 195.

■■ ¶ 7 Therefore, after the certification order is filed in the district court, Bishop may proceed to enforce it as he would any district court judgment. Bishop's actual concern is how he can collect on his Workers' Compensation award. After the certification order is filed in the district court, Bishop may collect his judgment against Wilson Quality Homes as he would from any business whose judgment was pronounced as a result of trial in district court. He does not need a nunc pro tunc order inserting William "Bill" Wilson into the original award from the Workers' Compensation Court to proceed in district court.

## II. COLLECTION PROCEEDINGS AGAINST A SOLE PROPRIETORSHIP

■■ ¶ 8 This Court has long held that in the case of a sole proprietorship, the firm name and the sole proprietor's name are but

tion between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court of the state, to review such order, decision or award." Although this sentence is now found in subsection C, it has remained unchanged through three revisions to the statute, 1993 Okla.Sess.Laws, ch. 349, § 4, 1994 Okla. Sess.Laws, 2nd Ex.Sess., ch. 1, § 18, and 1997 Okla.Sess.Laws, ch. 262, § 1. The respondent also cites *Ferguson v. Ferguson Motor Company,* 1988 OK 137, 766 P.2d 335.

3. 85 O.S.Supp.1998, § 61. At the date of Bishop's injury, September 28, 1993, the applicable amendment was 1993 Okla.Sess.Laws, ch. 349, § 12. The statute was amended again in 1994, 1994 Okla.Sess.Laws, ch. 22, § 2.

4. 85 O.S.Supp.1998, § 42. At the date of the hearing, April 3, 1996, the applicable amendment was 1994 Okla.Sess.Laws, ch. 1, § 32. The statute was amended again in 1998, 1998 Okla. Sess.Laws, ch. 374, § 5.

5. 1994 Okla. Sess. Laws, 2nd Ex.Sess., ch. 1, § 32, 1998 Okla. Sess. Laws, ch. 374, § 5.

two names for one person. *National Surety Co. v. Oklahoma Presbyterian College for Girls*, 38 Okla. 429, 132 P. 652, 654 (1913). In the Syllabus by the Court, the Court observed "Where a person engages in business and executes contracts under such name, he may be sued under such name." *National Surety Co.*, 132 P. at 654. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. Doing business under another name does not create an entity distinct from the person operating the business. "The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations." *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1387 (D.Neb.1977).

¶ 9 In *Roberts v. Mosier*, 35 Okla. 691, 132 P. 678 (1913), the defendant "Jacob Mosier" had adopted the name "Fred Mosier" for the purpose of transacting his business. The Court observed, "There appears to be no statute in this state forbidding a man adopting a name for a business purpose." [6]

¶ 10 Title 12 O.S.1991, § 842 provides that any time after judgment, a judgment debtor may be brought before the district court to answer concerning his property, upon application of the judgment creditor. The question is, if a Court orders Wilson Quality Homes to appear, who will appear? If Wilson Quality Homes is a sole proprietorship, which no one denies, then the sole proprietor, William "Bill" Wilson must appear and testify concerning his property. William "Bill" Wilson is Wilson Quality Homes because, as stated above, the sole proprietorship and the owner are one and the same, and the debts of the sole proprietorship are the debts of the owner.

¶ 11 "[O]ne doing business in a trade name has fair notice that a complaint alleging a cause of action arising out of his business may lead to personal liability." *Hughes v. Cox*, 601 So.2d 465, 471 (Ala.1992). Wilson Quality Homes is merely a trade name, and a judgment against the trade name is the same as a judgment against the individual, sole proprietor. *Hughes*, 601 So.2d at 472, citing *Samples v. Mutual Insurance Co.*, 110 Ga.App. 297, 299, 138 S.E.2d 463, 465 (1964). Where a summons is served upon an individual, i.e., the sole proprietor, and the circumstances indicate that he is the person intended to be sued, then he is subject to the judgment, even though the process and the judgment do not refer to him by his correct name. *Janove v. Bacon*, 6 Ill.2d 245, 250, 128 N.E.2d 706, 709 (1955), citing *Pennsylvania Co. v. Sloan*, 125 Ill. 72, 17 N.E. 37; *Pond v. Ennis*, 69 Ill. 341; cf. *Proctor v. Wells Bros. Co.*, 262 Ill. 77, 81, 104 N.E. 186.

¶ 12 Pursuant to 85 O.S.Supp.1998, § 42 enforcement of awards against the debtor after filing the certification of the Workers' Compensation Award in the district court, comes within the jurisdiction of the district court, not the Workers' Compensation Court. After having begun the process of enforcement under § 42, and receiving the judgment certification for an unpaid award against Wilson Quality Homes, Bishop may pursue enforcement in the district court against William "Bill" Wilson. Upon allegation that Wilson is the sole proprietor of Wilson Quality Homes, service of due notice upon Wilson, and proof of the allegation, the district court shall require Wilson to answer concerning his assets. The order of the Workers' Compensation Court is SUSTAINED, and the opinion of the Court of Civil Appeals is VACATED.

¶ 13 SUMMERS, C.J., HODGES, LAVENDER, SIMMS, OPALA, and KAUGER, JJ., concur.

---

6. Regarding given names and surnames, this Court has held: "In the absence of illegal or fraudulent purposes, the common law freely permitted name changes, and even though the Change of Name Act, 12 O.S.1981 §§ 1631–1640, is now the exclusive method for changes of name not arising from marriage, divorce, or adoption, it incorporates the common law antecedents." *Keltch v. Alfalfa County Election Bd.*, 1987 OK 8, ¶ 8, 737 P.2d 908, 910, citing *Sneed v. Sneed*, 1978 OK 138, ¶ 4, 585 P.2d 1363, 1365.

¶ 14 HARGRAVE, V.C.J., concurs in part, dissents in part.

¶ 15 WATT, J., dissents.

