MARY ODOM, Plaintiff-Appellee, *v.* HENRY ODOM, Defendant-Appellant.

(No. 69-123;

Fifth District—June 24, 1971.

Henry Odom, *pro se.*

No appearance for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from a divorce decree entered in the Circuit Court of Madison County in favor of Mary Odom against Henry Odom, the defendant appellant. The original complaint was filed in March, 1966, alleging as grounds that defendant had been convicted of a felony in Madison County in 1964. He was personally served with summons and his attorney filed a motion to dismiss on the grounds that an appeal was pending on the conviction. Defendant also filed a *pro se* answer and motion. The conviction was reversed on appeal and plaintiff, by leave of court, amended her complaint charging conviction for another burglary in March, 1961. To this complaint defendant filed an answer setting up condonation as a defense.

After further proceedings which we deem not material to a decision in this case, plaintiff filed an additional amendment to her complaint on January 30, 1969, charging conviction of another felony in St. Clair County on November 2, 1967. After allowance of a motion requiring defendant to plead he filed his *pro se* answer on March 4, 1969, alleging that his 1967 conviction was pending on appeal and requesting the appointment of Philip A. Theis as his counsel. In addition, he filed a motion for a writ of *habeas corpus ad testificandum.* On March 11, 1969, the motion for appointment of specific counsel was denied and Clayton Williams was appointed to represent defendant. Thereafter, a certified transcript of the docket from St. Clair County showing defendant's conviction of rape and burglary on November 2, 1967 was filed, and,

pursuant to setting, the cause was called for hearing on July 17, 1969. Defendant's attorney appeared and moved for a continuance to permit issuance of a writ of *habeas corpus ad testificandum* which motion was denied. By leave of court plaintiff withdrew all charges in her complaint except the 1967 felony conviction and after hearing evidence the court granted plaintiff a divorce on the basis of this conviction which had been affirmed in this court in *People v. Odom,* 123 Ill.App.2d 373. A decree was entered on August 1, 1969, which decree also found plaintiff a fit person and awarded her custody of the minor children.

Subsequently, defendant filed in this court a notice of appeal, a praecipe for trial court record, a motion for a free transcript, a motion for appointment of counsel and a motion for leave to file *in forma pauperis.* This court ordered said documents transmitted to the Circuit Court of Madison County for filing instanter.

A common law record was prepared by the clerk and filed here and defendant has filed his *pro se* brief and excerpts. Plaintiff has filed a motion to dismiss the appeal and defendant has filed a motion to dismiss plaintiff's motion. In view of our findings on the merits, it is not necessary to pass on these motions.

Defendant's basic contentions are: (1) that it was improper to proceed with the divorce hearing in his absence and that denial of his motion for a writ of *habeas corpus ad testificandum* was error; (2) that he was improperly denied a trial by a jury; (3) that his rights were prejudiced by the incompetence of the attorney appointed to represent him.

■■■ A writ of *habeas corpus ad testificandum* is not the high prerogative writ of the more familiar writ of *habeas corpus* whose great object is deliverance from unlawful imprisonment. Its issuance lies rather in the sound discretion of the court and its purpose is merely to bring a prisoner into court to testify. (*In re Thaw,* 166 Fed. 71; 39 Am.Jur.2d, *Habeas Corpus,* Sec. 2.) In the case before us, apart from the obvious reasons of distance, expense and the ever present danger in transferring a prisoner to court, there were other pertinent reasons militating against issuance of the writ. In defendant's many pleadings, he raised no issue over the fitness of plaintiff as a mother, nor did he raise any question concerning the custody of the children. The sole issue before the trial court was whether defendant had been convicted of a felony; and proof of that fact was in the record and could not be controverted by parol evidence. In his brief before us defendant now questions the faithfulness of his wife during their marriage and particularly during his incarceration, but such a defense of recrimination cannot be considered on appeal where it was not raised by the pleadings. (*Hayes v. Hayes,* 117 Ill.App.

2d 211.) In view of these facts we find that the trial court's refusal to grant a writ of *habeas corpus ad testificandum* was not an abuse of discretion, and that defendant, represented by counsel at the divorce hearing, was not prejudiced by the fact that he was not personally present.

■■■ Defendant's next contention that he was improperly denied a trial by jury is without merit. Though trial by jury is provided for in both the Divorce Act (ch. 40, sec. 8, Ill. Rev. Stat.), and the Civil Practice Act. (ch. 110, sec. 64 (1), Ill. Rev. Stat.) it is also required that a defendant must file his demand therefor not later than the filing of his answer, otherwise a jury is waived. From the record it appears that defendant did not at any time file a demand for a jury. We therefore find that defendant waived a jury trial and that such waiver does not violate his constitutional guarantee of trial by jury. *Fox v. Fox*, 9 Ill.2d 509.

■■ Defendant next makes certain charges relating to the alleged incompetence of his attorney. This, of course, was a civil case, but even in a criminal case in order to sustain such a charge it is incumbent upon a defendant not only to establish actual incompetence in the manner in which the attorney carried out his duties, but he must also show substantial prejudice resulting from such incompetence without which the outcome would probably have been different. (*People v. Morris*, 3 Ill.2d 437; *People v. Laffiton*, 62 Ill.App.2d 440.) This the defendant has failed to do, and in view of the nature of the case, charging conviction of a felony as grounds for divorce which could not be denied, there was little, if anything any attorney could have done.

On the basis of the above, and also having considered other arguments advanced by defendant though not specifically discussed herein, we find no error in the trial court proceedings and the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

EBERSPACHER and JONES, JJ., concur.