JOHN BEAHRINGER, Plaintiff-Appellant, v. DEBRA ROBERTS *et al.*, Defendants-Appellees.

Third District   No. 3—01—0333

Opinion filed May 21, 2002.—Modified on denial of rehearing October 11, 2002.

John Beahringer, of Sumner, appellant *pro se.*

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Carl J. Elitz, Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

The plaintiff, John Beahringer, filed a suit for declaratory judgment and injunctive relief against the defendants, Debra Roberts and Donald Snyder, Jr. In his complaint, he alleged that the defendants were depriving him of his first amendment rights by failing to process his mail fairly and promptly. He also claimed that Snyder had failed to provide various documents he requested pursuant to the Freedom of Information Act (Act) (5 ILCS 140/1 *et seq.* (West 2000)). The trial court granted the defendants' motion to dismiss on the ground that Beahringer failed to state a claim upon which relief could be granted. We affirm in part, reverse in part and remand for further proceedings.

## I. FACTS

In March of 2000, the plaintiff filed a six-count complaint for declaratory and injunctive relief against defendants Snyder and Roberts as employees of the Department of Corrections (Department). At that time, Snyder was the Director of the Department and Roberts was the supervisor of the Stateville Correctional Center mailroom.

Count I of the complaint claimed that Beahringer delivered a birthday card addressed to his father to the Stateville mailroom. A mailroom employee returned the card to him because it was oversized and requested that Beahringer include a manila envelope for mailing. Beahringer purchased the required envelope for an additional 8 cents and returned the item for postage. He was charged 55 cents to mail the card. Beahringer filed a grievance and complained that the requirement that outgoing cards be placed in manila envelopes violated his constitutional rights. In addition, he complained that both the card and the manila envelope weighed less than one ounce and that Stateville overcharged him 22 cents for postage.

Beahringer's second count alleged that on December 3, 1999, he sent an item to the mailroom in a first-class prestamped envelope and requested that the letter be sent certified mail. According to the attached exhibit, he also asked for "a receipt of form upon mailing." The mailing form was signed by Beahringer and authorized payment

of $1.40 for certification. Mailroom employees processed the letter and added an additional fee of $1.25 for "return receipt" services. Beahringer filed a grievance with the administrative officer over the added charge.

Count III alleged that on December 6, 1999, he sent the mailroom a 10-inch by 13-inch manila envelope containing two sheets of paper and was charged 55 cents for mailing it. According to Beahringer, the envelope weighed less than one ounce and should have been posted at 33 cents.

In count IV, Beahringer complained that on January 7, 2000, he received a Christmas card that had been postmarked December 4, 1999. He claimed that the mailroom received the card weeks prior to its January 7 delivery. He alleged that the delay was due to the understaffed operation of the mailroom during the holiday season.

On December 27, 1999, Beahringer sent a letter to the mailroom addressed to the Federal Bureau of Investigation (FBI) marked "Privileged Mail" and one addressed to the "Legal Department" of the United States Department of Commerce. Count V claimed that both letters were returned to him with a notice that they must be delivered unsealed because they did not qualify as "legal mail." Beahringer complained that the letters should have been mailed in sealed envelopes because they met the requirements for "outgoing privileged mail" and "legal mail" as defined in Title 20 of the Illinois Administrative Code (Administrative Code) (20 Ill. Adm. Code § 525.110 (2001)).

Last, count VI alleged that Beahringer had made several requests for documents under the Freedom of Information Act. According to the plaintiff, he had not received any of the requested materials as of the date of his complaint.

Beahringer sought a declaration that he was legally entitled to the same postal rates and fees as those provided through the United States Postal Service, prompt delivery of incoming and outgoing mail, and unregulated access to postal services. He also requested a declaration that he had a right to post legal and privileged mail in sealed envelopes and a declaration that he had a right to receive requested materials from the Department under the Freedom of Information Act.

The plaintiff's motion for a preliminary injunction was similarly grounded. He alleged that his first amendment right to freedom of communication and his fourteenth amendment rights to equal protection and due process were violated by the defendants' mailroom policies. He requested an order enjoining the defendants from (1) requiring him to mail greeting cards in a manila envelope, (2) charging excess postage, and (3) restricting him from delivering "privileged" mail to the Department mail offices in a sealed envelope.

On May 25, 2000, the defendants filed an appearance and sought leave to file a motion to dismiss. Their request was granted. Five days later, the clerk of the court filed a motion for default judgment against the defendants on Beahringer's behalf. According to Beahringer, the motion was mailed to the clerk of the court two weeks earlier. On June 21, 2000, the defendants filed a motion to dismiss Beahringer's complaint pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)). Beahringer subsequently filed a motion for substitution of Judge Edwin Grabiec. The motion was denied as moot due to the reassignment of the circuit court docket. In November of 2000, Judge Charles Connor entered an order stating that he had considered the pleadings and arguments of the parties and was granting the defendants' motion to dismiss. The record does not include a transcript of the proceedings or a bystander's report.

Beahringer filed a motion to reconsider and requested leave to file an amended complaint. In response, the defendants stated that they had no objection to allowing Beahringer to amend his pleading. The plaintiff filed a reply but did not include an amended complaint for the court's consideration. The trial court denied his motion to reconsider and Beahringer appeals.

## II. ANALYSIS

On appeal, Beahringer claims that the trial court erred in dismissing his complaint because he alleged sufficient facts to support an action for declaratory judgment and injunctive relief.

### A. Standard of Review

■ We review an order granting a motion to dismiss pursuant to section 2—615 *de novo*. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 660 N.E.2d 863 (1995). On appeal, we must determine whether the allegations of the plaintiff's complaint, when construed in the light most favorable to him, are sufficient to establish a cause of action upon which relief may be granted. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 675 N.E.2d 584 (1996). All well-pleaded facts in the complaint must be considered as true. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 672 N.E.2d 1207 (1996).

■ ■ A plaintiff is not entitled to declaratory relief unless (1) the plaintiff has a tangible interest, (2) the defendant has an adverse interest, and (3) an actual controversy exists over the interest. *Alicea v. Snyder*, 321 Ill. App. 3d 248, 748 N.E.2d 285 (2001). To prove the plaintiff is entitled to injunctive relief, he is required to establish by a preponderance of the evidence that (1) he possesses a certain and clearly ascertainable right which needs protection, (2) he would suffer

irreparable injury without protection of the injunction, (3) there is no adequate remedy at law for the injury, and (4) he is likely to prevail on the merits. *A-Tech Computer Services, Inc. v. Soo Hoo*, 254 Ill. App. 3d 392, 627 N.E.2d 21 (1993).

## B. Counts I through IV

### Stateville Mailroom Procedures

Beahringer first argues that the trial court improperly dismissed counts I through IV because his complaint raised valid constitutional claims. He further alleges that these claims were not overcome by the defendants because they failed to demonstrate that the mailroom practices were "reasonably related to legitimate penological interests."

■ It is well settled that officials may not arbitrarily impinge upon the first amendment rights of prisoners to communicate with others through the mail service. *Thornburgh v. Abbott*, 490 U.S. 401, 104 L. Ed. 2d 459, 109 S. Ct. 1874 (1989); see also *Sizemore v. Williford*, 829 F.2d 608 (7th Cir. 1987). Prison regulations or practices affecting a prisoner's receipt of mail must be " 'reasonably related to legitimate penological interests.' [Citation.]" *Thornburgh*, 490 U.S. at 409, 104 L. Ed. 2d at 470, 109 S. Ct. at 1879. However, prison security is a sufficiently important governmental interest to support limitations on prisoners' rights. *Rowe v. Shake*, 196 F.3d 778 (7th Cir. 1999). Thus, merely alleging an isolated delay or a relatively short-term, noncontent-based disruption in the delivery of inmate mail will not support a cause of action upon the first amendment, even against a motion to dismiss. *Sizemore*, 829 F.2d 608.

■ Measured against these standards, Beahringer's factual allegations do not state a first amendment claim. Accepting his claims as true, Stateville's mailroom practices were not individually or intentionally directed toward the plaintiff. Moreover, the alleged delay in receiving his mail was relatively short term in light of the holiday season. We also note that Beahringer does not allege that the excessive mailroom charges and delays were the result of content-based prison regulations or practices. See *Sizemore*, 829 F.2d 608 (plaintiff stated a first amendment claim based on allegations that prison officials refused to deliver otherwise unobjectionable magazines to plaintiff). Thus, as alleged in counts I through IV, the defendants' mailroom procedures and regulations do not impinge upon Beahringer's right to freedom of communication. The trial court properly dismissed these counts.

### C. Count V

#### Handling of "Privileged" and "Legal" Mail

Count V of the plaintiff's complaint alleges that the defendants

refused to send two letters, one labeled "Privileged Mail" and another marked "Legal Mail" in the sealed envelopes in which they were delivered. The plaintiff maintains that these actions violated his constitutional rights as well as Department regulations.

### 1. *Privileged Mail*

■ Under the Administrative Code, outgoing "privileged mail" must be clearly marked as "privileged" and sealed by the prisoner. If mail is clearly marked "privileged" and addressed to a privileged party, it may not be opened for inspection. 20 Ill. Adm. Code § 525.130(c) (2001). As defined in the Code, mail addressed to chief executive officers of the FBI is considered privileged. 20 Ill. Adm. Code § 525.110(f)(8) (2001). Outgoing privileged mail shall not be opened unless there is a reasonable suspicion that it contains contraband and the mail is opened in the presence of the prisoner. 20 Ill. Adm. Code § 525.130(d) (2001).

■ Paragraphs 1 through 4 of count V allege that Beahringer sent a letter to the mailroom in a sealed envelope marked "Privileged Mail." The letter was addressed to a chief executive officer of the FBI. The correspondence did not contain dangerous contraband and it was opened and inspected without his knowledge. Considering Beahringer's allegations in a light most favorable to him, such facts sufficiently state a claim for declaratory judgment and injunctive relief.

### 2. *Legal Mail*

■ Legal mail is not to be opened for inspection outside a prisoner's presence if it is clearly marked "legal mail." 20 Ill. Adm. Code 525.110(f)(11) (2001). The Administrative Code defines "legal mail" as mail to and from a registered attorney, the Attorney General, a judge, 'or "[a]ny organization which provides direct legal representation to committed persons." 20 Ill. Adm. Code § 525.110(g)(4) (2001).

■ The return of the letter marked "Legal Mail" was not a violation of Beahringer's rights. According to the remaining paragraphs of count V, the plaintiff delivered a letter addressed to the "U.S. Department of Commerce, Office of Weights and Measures, Legal Department," to the mailroom clearly designated "Legal Mail." The letter was opened and returned to him with a request that it be placed in an unsealed envelope. Under the applicable provision of the Administrative Code, Beahringer's letter to the Department of Commerce does not meet the qualifications for "legal mail." The trial court therefore did not err in dismissing that portion of count V.

### D. Count VI

### Freedom of Information Act Violations

■ An examination of count VI of the plaintiff's complaint shows

that Beahringer sent several requests for disclosure and copies of certain documents maintained within the Department pursuant to the Act. These requests were allegedly ignored, and Beahringer filed an appeal with the Department pursuant to section 10 of the Act. 5 ILCS 140/10 (West 2000). That appeal was not timely decided. Based on these allegations, Beahringer claims he had a right to file a request for declaratory judgment. The State confesses error and we agree. Pursuant to section 11 of the Act, any person denied access to inspect or copy public records may file suit for injunctive or declaratory relief. 5 ILCS 140/11(a) (West 2000). Accordingly, count VI of Beahringer's complaint survives the defendants' motion to dismiss.

### E. Denial of Fundamental Fairness by Trial Court's Rulings

■ Beahringer contends that he was denied fundamental fairness and effective access to the court in the proceedings below. We have carefully reviewed the record and can find no evidence to support his claim.

He first complains that he was unfairly denied the opportunity to appear at the November 16, 2000, hearing and present his argument in opposition to the defendants' motion to dismiss. The decision whether to grant a prisoner reprieve from his imprisonment and allow him to personally appear in a civil proceeding is within the trial court's discretion. *Odom v. Odom*, 133 Ill. App. 2d 869, 272 N.E.2d 272 (1971). On June 8, 2000, Beahringer filed a petition for writ of *habeas corpus* to testify at the hearing on the motion to dismiss. Three weeks later he filed a written response in objection to the defendants' motion. The trial court's order clearly indicates that it considered the pleadings of both parties. Given the thoroughness of the plaintiff's written response, we find no abuse in the trial court's determination not to allow Beahringer's personal appearance.

Beahringer also claims that the trial court demonstrated bias by allowing the defendants to enter an untimely answer and motion to dismiss, while ignoring his motion for default judgment.

A default judgment may be entered for want of an appearance or for failure to plead within a timely manner. 735 ILCS 5/2—1301 (West 2000). The decision to enter a default judgment is within the sound discretion of the trial court. 735 ILCS 5/2—1301(e) (West 2000).

A trial judge is presumed to be impartial, and the burden of overcoming this presumption rests with the party asserting bias. *Hartnett v. Stack*, 241 Ill. App. 3d 157, 607 N.E.2d 703 (1993). Moreover, the appellant has the burden to present a record on appeal sufficient to support his claim of error. Any doubts arising from the incompleteness of the record will be construed against him. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 459 N.E.2d 958 (1984).

In the instant case, Beahringer claims that the trial court demonstrated prejudice throughout his case. However, without a transcript of any of the proceedings or a bystander's report memorializing the discussions below, it is impossible to determine whether Beahringer was prejudiced by the trial court's conduct.

Last, Beahringer argues that the trial court denied him due process when it failed to allow him to amend his complaint. A plaintiff's failure to tender an amended complaint diminishes the appellate court's ability to determine whether the proposed amendment would have provided a viable cause of action and constitutes waiver of the right to review of the denial of a request for leave to amend. *Mendelson v. Ben A. Borenstein & Co.*, 240 Ill. App. 3d 605, 608 N.E.2d 187 (1992). Here, Beahringer sought leave to amend his complaint, but he failed to submit a proposed amendment to the trial court. He therefore waived his right to a review of the issue.

## III. CONCLUSION

The judgment of the circuit court of Will County dismissing counts I through IV of the plaintiff's request for declaratory judgment and injunctive relief is affirmed. The dismissal of count V and count VI is reversed, and the cause is remanded for further proceedings consistent with the opinions expressed herein.

Affirmed in part and reversed in part; cause remanded.

BRESLIN and McDADE, JJ., concur.