2022 IL App (1st) 210438-U

FIFTH DIVISION
AUGUST 12, 2022

No. 1-21-0438

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ANNA KIOUTAS, individually and on behalf of all others similarly situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19 CH 6286 |
| NORTHSHORE UNIVERSITY HEALTHSYSTEM, an Illinois not-for-profit corporation, individually and d/b/a NORTHSHORE HOSPITAL, | ) ) ) ) | Honorable Sophia H. Hall, Judge Presiding. |
| Defendant-Appellee. | ) ) | |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's judgment granting the defendant's motion to dismiss is affirmed.

¶ 2    The plaintiff-appellant, Anna Kioutas, was involved in an accident and received medical treatment from the defendant-appellee, NorthShore University Healthsystem (NorthShore). On May 22, 2019, based on the billing for her treatment, Ms. Kioutas filed a class action complaint in the circuit court of Cook County against NorthShore, alleging that NorthShore refused to bill Medicare and instead placed medical liens with the third-party tortfeasor and their liability

insurance carrier. NorthShore filed a motion to dismiss the complaint, which the trial court granted. Ms. Kioutas now appeals. On appeal, Ms. Kioutas argues that the trial court erred in dismissing her complaint by: (1) basing its decision on an issue not contained in the complaint; and (2) failing to consider NorthShore's "Agreements and Authorizations" form. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                          BACKGROUND

¶ 4       On November 18, 2016, Ms. Kioutas was involved in an automobile accident, where there is third-party liability. She went to NorthShore for treatment of her injuries. NorthShore placed a medical lien for Ms. Kioutas' medical expenses against any settlement she might recover from the third-party's insurer. As a result of NorthShore's action, on May 22, 2019, Ms. Kioutas filed a class action seven-count complaint in the circuit court of Cook County against NorthShore. In the complaint, she alleged that NorthShore refused to bill Medicare and her supplemental insurance carrier but instead placed medical provider liens with the third-party tortfeasor and their liability insurance carrier. She asserted that NorthShore's actions: violated the Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/1 et seq. (West 2018)); were a breach of written contract; were a breach of implied contract and constituted unjust enrichment; and were an intentional interference with her contractual relationship with her health insurance providers. Ms. Kioutas attached to her complaint the "Agreements and Authorizations" form she signed at NorthShore, which forms the basis for her claim under the Act. In the "Assignment of Insurance Benefits/ Payment Guarantee" section of the "Agreements and Authorizations" form, it states:

> "I further understand and agree that I am responsible for the non-discounted
>
> full cost of services provided to me, as permitted by Illinois law, if: (1) I am
>
> uninsured; (2) I do not provide NorthShore with sufficient insurance information at

the time of service or within a reasonable time thereafter to permit timely processing of payment with any insurer; and/or (3) my service may be covered by a third party liability insurance carrier. *** By signing this form *** I authorize NorthShore to file a hospital lien, or any other action permitted under Illinois law, to obtain full payment for the services provided."

In response to Ms. Kioutas' complaint, NorthShore filed a motion to strike the class allegations, as well as a motion to dismiss the complaint in its entirety, pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)).

¶ 5    Ms. Kioutas requested leave to file an amended complaint, which the trial court granted. In the amended complaint, she referenced exhibit A, a medical invoice which formed the basis for the medical provider lien, and exhibit B, which was the "Agreements and Authorizations" form. Both exhibits were attached to the amended complaint. Exhibit A shows that NorthShore attempted to bill Medicare, but Medicare rejected the invoice. NorthShore withdrew its original motion to dismiss and filed a new motion to dismiss pursuant to section 2-615 based on the amended complaint. In its motion to dismiss, NorthShore asserted, *inter alia*, that it did attempt to bill Medicare first, despite Ms. Kioutas' claims to the contrary. The trial court allowed the parties to file briefs on the motion to dismiss and held oral arguments.

¶ 6    On February 4, 2021, the trial court entered a detailed written order on the motion to dismiss. In its order, the court found that "the invoices attached to the Complaint show that NorthShore billed Medicare. Accordingly, the invoices contradict the allegations in the Complaint that NorthShore failed to bill Medicare as an asserted ground for [Ms. Kioutas'] claims." Despite, this finding, the court still analyzed the arguments in each of the complaint's counts on their face, assuming the veracity of each of the allegations within the counts. To address count I, the claim

based on the Act, the court analyzed the Illinois Lien Act (Lien Act) (770 ILCS 23/10(a) (2018)) and relevant case law to determine that NorthShore was not required to bill Medicare before pursuing a lien against the third-party tortfeasor. Additionally, the court reviewed federal law and stated that a medical provider, "who is seeking payment from Medicare, [is able] to proceed against the 'primary payor,' here the tortfeasor's insurer, [which is] liable for the injury to the medical provider's patient. The regulations do not require the medical provider to seek payment from Medicare before proceeding against the tortfeasor's insurer." As such, the court dismissed count I of Ms. Kioutas' complaint. At the same time, the court also dismissed the remaining counts of the complaint on various grounds. The trial court continued the case for status on a final order until March 2021. On March 22, 2021, after Ms. Kioutas informed the court that she was not going to file a motion to reconsider or seek leave to amend the complaint, the court entered its final order dismissing the entire complaint with prejudice. On April 19, 2021, Ms. Kioutas filed her notice of appeal.

¶ 7                                                    ANALYSIS

¶ 8      We note that we have jurisdiction to consider this matter, as Ms. Kioutas filed a timely notice of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 9      On appeal, Ms. Kioutas argues the trial court erred by dismissing count I of the complaint, which alleged NorthShore placed a lien on Ms. Kioutas' future settlement with the third-party tortfeasor instead of Medicare and her supplemental insurance carrier in violation of the Act. Specifically, she claims that the trial court based its ruling on whether NorthShore could legally place the lien on a future settlement, which was not challenged in her complaint, and failed to

consider the language of the "Agreements and Authorizations" form in its decision.[1]

¶ 10     When reviewing an order granting a motion to dismiss pursuant to section 2-615, we must determine whether the allegations of the plaintiff's complaint, viewed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Beahringer v. Roberts*, 334 Ill. App. 3d 622, 626 (2002). "Any document attached to the pleading will be treated as part of the pleading if the pleading specifically incorporates it by reference." *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 432 (2004). To incorporate an exhibit by reference, the pleading must identify the exhibit specifically and show an intent to include it as part of the pleading. *Bajwa*, 208 Ill. 2d at 432. "In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts." *Spencer v. Ryland Group*, 372 Ill. App. 3d 200, 203 (2007). After disregarding any legal or factual conclusions, we must determine whether the remaining factual allegations are sufficient to state a cause of action, and if not, the motion to dismiss should be granted. *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors*, 275 Ill. App. 3d 452, 457 (1995). Despite looking at the plaintiff's complaint in the light most favorable to the plaintiff, "factual deficiencies may not be cured by liberal construction." *Advance Mechanical Contractors*, 275 Ill. App. 3d at 457. The standard of review for a motion to dismiss is *de novo*. *Illinois Insurance Guaranty Fund v. Liberty Mutual Insurance Co.*, 2013 IL App (1st) 123345, ¶ 14.

¶ 11     Initially, we note, as the trial court did, that Ms. Kioutas' allegations that NorthShore did not bill Medicare first cannot be taken as true because the exhibit attached to her complaint shows otherwise. See *Bajwa*, 208 Ill. 2d at 431-32 (stating that if there is "a conflict between such written

---

[1]Ms. Kioutas does not challenge the dismissal of the other counts in her complaint.

exhibits and the allegations of a pleading, the exhibits control"). In that attached invoice, NorthShore attempted to bill Medicare, but Medicare rejected it. As such, Ms. Kioutas' claims fail to state a claim on their face because they are all based on the false allegation that Medicare was not billed initially. In other words, count I of her complaint did not state a claim since the invoice attached to the complaint directly disputed the claim made in the complaint. The court did not err in dismissing count I on the basis that her allegations were factually inaccurate and insufficient to state a claim. However, we will nonetheless address the merits of each argument raised by Ms. Kioutas, assuming her allegations could be taken as true.

¶ 12     Ms. Kioutas argues that the trial court based its decision on an issue that was not alleged in the complaint. Specifically, she claims the trial court examined the validity of the medical lien placed on the third-party tortfeasor and the tortfeasor's liability insurance carriers. The court also examined whether Northshore had authority to do so.

¶ 13     We initially note that Ms. Kioutas did not allege in her complaint that NorthShore did not have the authority to place a medical lien on the third-party tortfeasor's liability insurance carrier and a potential settlement; rather, she alleged that NorthShore was required to bill her health insurance or Medicare first. However, despite Ms. Kioutas' argument that she now presents, the trial court did not simply overlook the issue of whether Ms. Kioutas stated a claim under the Act. Instead, it analyzed whether, when taking the allegations as true, Ms. Kioutas' complaint stated a claim. The court found that she did not based on state and federal law.

¶ 14     Section 10b of the Act (815 ILCS 505/10b (West 2018)) states that the Act does not apply to "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." The primary objective of statutory construction is to discern the legislature's intent, and the best way to ascertain that

intent is the plain language of the statute. *Bank One Milwaukee v. Sanchez*, 336 Ill. App. 3d 319, 323 (2003). Any health care professional or health care provider may file "a lien upon all claims and causes of action of the injured person for the amount of the health care professional's or health care provider's reasonable charges up to the date of payment of damages to the injured person." 770 ILCS 23/10(a) (West 2018)). The Lien Act does not require that a provider must first bill an injured party's health insurance carrier *before* pursuing a lien against the tortfeasor's liability insurance carrier or the injured party's settlement. *Barry v. St. Mary's Hospital Decatur*, 2016 IL App (4th) 150961, ¶ 50.

¶ 15    Here, the trial court reviewed the Act, the Lien Act, and *Barry* to determine that if a medical provider complies with Federal or Illinois law, it is exempt from a violation of the Act. Therefore, assuming *arguendo* that Northshore placed a medical lien against a future settlement or the tortfeasor's liability insurance before billing Ms. Kioutas' health insurance or Medicare, it would not have been a violation of the Act. Accordingly, even under those circumstances as alleged by Ms. Kioutas, she cannot state a claim under the Act on these facts. As such, the trial court did not err in dismissing count I of the complaint.

¶ 16    Ms. Kioutas further argues that the trial court erred when making its determination by not reviewing the "Agreements and Authorizations" form that she signed. As we noted, it was impossible for NorthShore to violate the Act if it complied with Illinois law. If the factual allegations in the complaint are taken as true, they still could not amount to a violation of the Act, and consequently, the court did not need to look at the "Agreements and Authorizations" form. Thus, the trial court did not err by dismissing the complaint pursuant to section 2-615, specifically as to count I, without looking at the "Agreements and Authorizations" form. We, therefore, affirm the trial court's judgment dismissing Ms. Kioutas' complaint.

¶ 17                                    CONCLUSION

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 19    Affirmed.